IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 13, 2016

## STATE OF TENNESSEE v. KEYVIN LANIER GLASS

**Appeal from the Circuit Court for Coffee County**
**Nos. 40,018; 40,019     Vanessa Jackson, Judge**

_____

**No. M2015-00895-CCA-R3-CD – Filed February 19, 2016**

_____

Appellant, Keyvin Lanier Glass, pleaded guilty to aggravated assault and failure to appear. He received an effective sentence of four years, one year in confinement with the remainder suspended to supervised probation. His probation officer filed a probation violation report based on his breaking three probationary rules, and the trial court subsequently entered an order revoking appellant's probation and ordering him to serve his full sentence in confinement. On appeal, appellant argues that the trial court abused its discretion. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and TIMOTHY L. EASTER, J., joined.

John E. Nicoll, District Public Defender; and Margaret Lamb Kilgore, Assistant District Public Defender, Tullahoma, Tennessee, for the Appellant, Keyvin Lanier Glass.

Herbert H. Slatery III, Attorney General and Reporter; Meredith DeVault, Senior Counsel; Charles Craig Northcott, District Attorney General; and Jennifer Regina Craighead, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### I. Facts

On January 10, 2013, appellant was indicted by the Coffee County grand jury for aggravated assault in case number 40,018 and for failure to appear in case number

40,019. He pleaded guilty to both cases, and the trial court sentenced him in case number 40,018 to three years—one year in confinement with the remainder suspended to two years of supervised probation. The trial court suspended his sentence in case number 40,019 to one year of supervised probation and ordered that this sentence be consecutive to his sentence in 40,018.

In February 2015, appellant's probation officer filed a probation violation report alleging that appellant violated his probation by garnering new charges, by not reporting, and by behaving in an assaultive/abusive/threatening manner per the new offenses he had garnered. The trial court held a probation revocation hearing on April 15, 2015.

At the hearing, Vickie Farrar, an officer with the Board of Probation and Parole, testified that her office was not contacted when appellant was released from incarceration. She had no contact with appellant between his release and her filing the probation violation report. She stated that she first realized appellant had violated his probation when a Warren County probation officer contacted her about appellant. Ms. Farrar testified that appellant's pending charges in Coffee County were domestic violence, criminal trespass, kidnapping, evading arrest, simple assault, and interference with 9-1-1 calls.

Tullahoma Police Officer Michael Wilder testified that on November 29, 2014, he responded to a domestic violence call at an apartment on South Franklin in Tullahoma. Shanna Love was at the apartment when he arrived. He testified that the entertainment system in the apartment had been pushed over. Ms. Love told him that appellant had been responsible for the damage. Ms. Love reported that when she arrived home at midnight, appellant "forced her and her daughter into the apartment into the back left bedroom and shut the door and kept them in there for approximately four hours." Officer Wilder testified that Ms. Love told him she had tried to call 9-1-1 but that appellant had taken her phone. Appellant told the 9-1-1 operator to respond to another apartment at which no one was home. Officer Wilder stated that Ms. Love had "tased" appellant in the chest to force him to leave the apartment. As appellant was leaving, he pulled over the entertainment center. After appellant left, Ms. Love called 9-1-1. Officer Wilder confirmed that the police had received two 9-1-1 calls during this incident and that appellant was the complainant for the first call. Officer Wilder said that he charged appellant with criminal trespassing in addition to other charges because appellant had been banned from the apartment property.

Tullahoma Police Officer Donnie Burnett testified that on January 10, 2015, he responded to a call at Ms. Love's apartment that someone was being threatening. As he was en route to the apartment, he was informed that the suspect was going to retrieve a weapon. When he arrived at the apartment, he encountered Ms. Love and Mr. Delaughter (whose first name is not in the record). Mr. Delaughter told Officer Burnett that

appellant had gone to another apartment building to get a weapon.  Ms. Love and Mr. Delaughter had been on a date when Ms. Love received a Facebook message from appellant stating that he was destroying her apartment.  She and Mr. Delaughter returned to her apartment, and appellant was present.  According to Ms. Love, appellant assaulted her by pulling her by the hair out of her apartment.  Appellant told them that he was leaving to get a weapon.  Officer Burnett knew that there were warrants out for appellant's arrest, and he pursued appellant on foot through woods near the apartment complex, eventually taking him into custody.  When Officer Burnett was taking appellant to his patrol car, appellant threatened to kill Mr. Delaughter when he was released on bond.  Officer Burnett said that appellant told him he ran away because he knew that there were warrants out for his arrest and that he was not supposed to be on the apartment complex's property.  On cross-examination, Officer Burnett affirmed that appellant did not have a weapon but that Ms. Love had an air pistol.

Appellant testified that he did not realize that he was on probation in Coffee County and that he thought his sentence had been for one year.  He stated that he had been on probation in Warren County and had visited the probation office there only once because he did not have transportation.  Regarding the November incident with Ms. Love, appellant stated that he and Ms. Love had been in a relationship for four and a half to five years and that he had been living with her at the time.  He denied keeping Ms. Love and her daughter in a room but agreed that they had argued.  He denied that Ms. Love "tased" him.  Appellant stated that he knocked over the entertainment center when he left but that he could not remember whether he did so intentionally.  Appellant testified that he lived with Ms. Love after the incident and was still living there in January.  Regarding the January incident, appellant testified that he was supposed to meet Ms. Love at the apartment but that when he arrived, she was there with Mr. Delaughter.  He and Mr. Delaughter stepped outside to fight, but Ms. Love intervened.  He pulled her hair to get her out of his way.  Appellant explained that he had intended to grab her jacket, not her hair.  Appellant affirmed that he sent Ms. Love a Facebook message about destroying the apartment but stated that he did not, in fact, destroy anything in the apartment.

Following the testimony, the trial court stated that it found by a preponderance of the evidence that appellant violated his probation by not reporting to his probation officer and by garnering new charges.  The trial court further stated that appellant was not a good candidate for probation.  The trial court ordered him to serve his sentence in confinement.

II.  Analysis

On appeal, appellant contends that the trial court abused its discretion in revoking his probation by considering the new offenses without making a credibility determination between appellant's testimony and the police officers' testimonies.  He concedes that he

violated his probation but maintains that his violation was not willful because he had no transportation.

The revocation of a suspended sentence rests in the sound discretion of the trial judge. *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). In determining whether to revoke probation, it is not necessary that the trial judge find that a violation of the terms of the probation has occurred beyond a reasonable doubt. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). If the trial court finds by a preponderance of the evidence that the defendant has violated the conditions of probation, the court is granted the authority to: (1) order confinement; (2) order execution of the sentence as originally entered; (3) return the defendant to probation on appropriate modified conditions; or (4) extend the defendant's probationary period by up to two years. Tenn. Code Ann. §§ 40-35-308(a), -308(c), -310, -311(e)(1); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999). The appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010) (citing *State v. Jordan*, 325 S.W.3d 1, 38-40 (Tenn. 2010)). In the context of probation revocations, for this court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554; *see also State v. Pamela J. Booker*, No. E2012-00809-CCA-R3-CD, 2012 WL 6632817, at *2 (Tenn. Crim. App. Dec. 19, 2012).

In this case, the trial court did not abuse its discretion. It found by a preponderance of the evidence that appellant had violated his probation, and the record supports the trial court's ruling. The police officers testified about the incidents with Ms. Love that led to further charges, and appellant's probation officer testified that appellant never contacted her. The trial court implicitly found that appellant's testimony was not credible. We affirm the trial court's revocation of appellant's probation.

## CONCLUSION

Based on the record, the applicable law, and the briefs of the parties, we affirm the judgment of the trial court.

_____
ROGER A. PAGE, JUDGE

-4-